The Chancellor.
If the letter admitted in evidence by the orphan’s court be genuine, it proves that Pamela Jolly had made a will before 1831, the date of the letter. But it is clear' from the testimony, that the writing now offered as a will, is not the will referred to in that letter. The letter says, that the will referred to in it-was written by John Oliver. The testimony shows that the writing offered as a- will was- not written by John Oliver. It is clear, also, from the testimony and from inspection, that the writing offered as a will, the body of it and the names purporting to be the names of witnesses to it, ai® *458 all in one hand writing'; and that not the writing of Pamela Jolly. The writing, then, cannot be what it purports on its face to be, a .will signed or executed by mark, in the presence of the witnesses whose names appear to it as witnesses. If it can be held to be a will, it must be on some ground different from what the face of the writing purports.
• The writing bears date May 20th, 1824. The letter referring to a will written by John Oliver, is dated in 183-1. It was1 suggested by counsel for the probate, that the writing offered for probate was not made till after 1831; but that'it might be a* will notwithstanding; that though the body of the writing and the signatures are in one hand writing, yet if there is satisfactory testimony that Pamela Jolly signed it, after 183i,-it would be a good will of persona-bproperty. Is there Such evidence? The will purports to be executed by a mark. A writing purporting to be executed by a mark, without any proof where it was found, or any proof of any distinctive character in the mark, and without a witness of its execution or whatis equivalent to it, cannot be received as a will.
But it is said that the body of the writing, and the signa - tures to it, are all in the hand wri-liug-of Elizabeth Carman-; that therefore the name of Elizabeth-Carman, appearing as the name of a witness, is a genuine signature; and that she being dead, proof of her hand writing proves the execution of-the will. It may be that after 1831 Pamela Jolly may have proposed to make a new will, and she and Elizabeth Carman, or she alone, may have supposed it would be sufficient to have a copy of the old will, date and names, made, introducingany' alterations she might wish, and to execute it. And if she did so execute it, and - the court have the legal evidence of its-execution, it would- be a good will of personal property. But-there is a link wanting in the-testimony. No proof of execution is to be derived from the-name of “Pamela Jolly” in-this case.
If Elizabeth Carinan were in life, and-had been produced-as a witness, and had sworn that she saw Pamela Jolly execute the writing by making her mark, and that she subscribed her name as a witness to such execution, it would have been sufficient proof-; or if there had been added to the- writing, as ill *459 now stands, a new attestation clause, showing that it was executed in the presence of Elizabeth Carman, and her name, proved to be genuine, was subscribed thereto; proof of that signature, she being dead, might have been sufficient.
■But as the writing now stands, and under the facts proved,- and on the very supposition that brings us to the present point of inquiry, there is nothing in the mere signature of Elizabeth Carman, as it. now appears on the writing, which can amount to an affirmation or supposed affirmation by Elizabeth'Carman, or to any intendment in law, that she saw Pamela Jolly execute this writing.
For aught that appears, or that can properly be inferred from the face of the paper and the proofs, Elizabeth Carman may simply have made a copy of the old will, including the signatures, (this is the supposition of the counsel for the probate,) and handed it to Pamela Jolly, and she .may have put her mark to it aloue in her chamber, or some one else may have put her mark to it. But if she did it herself, it must be proved she did it. Wo are not at liberty to carry the supposition so far, as to make Elizabeth Carman’s name say, what it is admitted neither of the other names subscribed as witnesses, says, and what the mere appearance of her name with the other names appearing as the names of witnesses, cannot by any intendment, under the circumstances, make her say.
The proof adduced for the probate was insufficient, and this .decree of the orphan’s court will be,reversed.